UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | *Corrected* |
| | ) | |
| | ) | Case No.: 04C03 0007 mAP |
| v. | ) | |
| | ) | |
| | ) | |
| RAFAEL FONTANEZ | ) | AFFIDAVIT IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY |

28 U.S.C. § 2255

**AFFIDAVIT**

Now comes, the affiant/petitioner under penalty of perjury and does aver that the information within this affidavit are true, and correct, to the best of my knowledge, pursuant to 28 U.S.C. § 1746:

1. On or about October 6, 1998, petitioner was arrested and taken into custody by agents of the Drug Enforcement Administration.

2. On arrival at the DEA office located in Springfield, Massachusetts, the petitioner was held in an interrogation area. Post introduction to the arresting agents this affiant made a specific request to contact counsel, Joseph Bernard, esq.

3. Prior to and after an attempted interrogation, the petitioner made several specific requests for counsel, none of which were granted by the arresting agents or their superiors. During this detention, the petitioner made no statements regarding the illegality of this indictment.

1

4. Petitioner states the case agent Alex Baginski corroborates, through his complaint affidavit prepared on October 6, 1998, petitioner's claim in making no post-arrest statements.

5. At the commencement of this action counsel became privy and has possession of business documents and facts which clearly demonstrate that Anthony Bledsoe intentionally misrepresented his true identity to petitioner, when asked general background questions to finalize Anthony Bledsoe's hire at Sheer Perfectionz barber shop.

6. Prior to the suppression hearing, counsel was made aware of witnesses whose testimony would exonerate petitioner documentary, evidence that would rebut the prosecution's case theory, and post-arrest evidence that is inconsistent with existing documents from the government, however, counsel did not use or take advantage of any of the aforementioned.

7. Prior to and during the suppression hearing, counsel had evidence for the impeachment of the prosecution's witness, for a separate and unrelated fraud conviction of agent Joseph Finnegan, however, counsel did not make use of this evidence at trial.

8. During the Suppression Hearing, counsel entered into a stipulation with the prosecution not to use the testimony of the above mentioned witness, agent Finnegan, against the requests and interest of the petitioner.

9. Prior to the start of the trial, counsel was asked by petitioner to submit a jury instruction for Actual Innocence. Despite copious evidence to support such theory of defense counsel refused to petition the court against the will and directions of petitioner.

10. On or about, December 15, 1999, the petitioner requested the court to withdraw counsel, Joseph Bernard, esq., and to permit petitioner to further the proceedings in Pro Se. The court granted that request and Joseph Bernard was assigned as stand-by counsel for the remainder of the proceedings.

11. On, January 10, 2000, the first day of trial, after full consideration of the requirements for a presentation of the theory of defense, the petitioner removed himself as a Pro Se litigant, with agreement of the court, and permitted Joseph Bernard to present this matter to the court and jury.

12. On or about November 17, 2000, counsel Joseph Bernard was relieved by petitioner, through the court, for, among other things, ineffective assistance of counsel.

13. Petitioner states that the aforementioned facts, inter alia, are true in made in furtherance of petitioner's prior claim of ineffective assistance of counsel in this honorable court.

Respectfully submitted,

Rafael Fontanez, In Pro Se