UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

UNITED STATES )
)
v. )        Case No.: 04-CO-30007-MAP
)
RAFAEL FONTANEZ )

AFFIDAVIT IN SUPPORT OF MOTION
FOR LEAVE TO AMEND
PURSUANT TO RULE 15(a)

AFFIDAVIT

Now comes, the affiant and attest that the statements of facts within this affidavit are true, correct and complete to the best of my knowledge. The affiant states the following:

1). THAT, in preparation for affiant's Sentencing Hearing, on or about February or March of 2000, Mr. Bernard visited petitioner, during the evening hours, while incarcerated at the Hampden County House of Correction in Ludlow, Massachusetts.

2). THAT, during the mist of this visit, Mr. Bernard spoke to affiant about his good personal and working relationship with two agents involved in this action, namely Agent Richard Soto and Agent Joseph Finnegan.

3). THAT, while Mr. Bernard was a prosecuting attorney at the SPRINGFIELD DISTRICT COURT, both these agents worked closely with Mr. Bernard in seeking criminal convictions.

4). THAT, after Mr. Bernard went into private practice, their relationship remained on a more personal level outside of their professions.

5). THAT, Mr. Bernard in describing the nature of his personal relationship with agent Soto stated, "I speak to and see Soto regularly, both of our children are enrolled in the same school, and the other day I went to a

1

parent-teacher conference. Soto was there, and ..."

(a). THAT, Mr. Bernard in describing his sentiments about agent Soto stated, "...I have to tell you that, now, I detest him for what he has done to you, Rafael (affiant)".

(b). THAT, Mr. Bernard in recognition of the evidence being fabricated against affiant stated, " It is clear that he (Soto), along with other agents, fabricated this (statement) evidence against you. I strongly feel the court erred and that the Court of Appeals will remand your case for a new trial."

(c). THAT, Mr. Bernard in consoling the affiant stated, "If it means anything to you, Rafael. At least one them payed for their actions."

6). THAT, in response to Mr. Bernard's statment, affiant stated, "What do you mean?"

(a). THAT, Mr. Bernard in describing agent Finnegan as his good friend stated, "Well, I went to see and talked to my good friend yesterday."

(b). THAT, the affiant interjecting stated, "Who's this good friend?"

(c). That, in response Mr. Bernard stated, "Finnegan. He works at a Sport Bar, since being convicted for burning his insurance company. I had a drink, while Finnegan explained to me about how his ex-colleagues give him the cold shoulder, ever since what happened."

7). THAT, affiant after overcoming the shock of Mr. Bernard's admissions stated, "Hey, since you are good friends with him. Why don't you ask him to provide you with an affidavit, stating the truth (fabrication) of what happened inside the interrogation room with these agents. So that we can file for a reconsideration on the Judge's ruling."

(a). THAT, in response Mr. Bernard anxiously stated, "I'm not going to tell Finnegan to do that, but you on your own can. I suggest you do it soon, because he (Finnegan) has plans to move out of state."

8). THAT, upon hearing Mr. Bernard's response, affiant in disbelief immediately ended the visit.

                                          Respectfull submitted,

                                          _____
                                          Rafael Fontanez, In Pro Se

I, _Rafael Fontanez_, hereby certify under the penalties of perjury of the laws of the United States that the above is true, correct, and complete to the best of my knowledge, pursuant to 28 U.S.C § 1746.

This __24th__ day of February of 2004.