UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAFAEL FONTANEZ,                    )
Petitioner                          )
                                    )
          v.                        ) CIVIL ACTION NO. 04-30007-MAP
                                    )
UNITED STATES OF AMERICA,           )
Respondent                          )

<u>MEMORANDUM AND ORDER REGARDING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE</u>
(Docket No. 8)

June 18, 2004

PONSOR, D.J.

On October 15, 1998, the petitioner was indicted for conspiracy to distribute cocaine base and for distribution of cocaine base on August 20, September 8 and October 6, 1998. On January 20, 2000, he was convicted on all counts and on January 30, 2001 he received a sentence of 216 months. Petitioner has now filed this action pursuant to 28 U.S.C. § 2255, seeking to have his sentence vacated and to be released from custody based upon the ineffective assistance of his trial attorney, Joseph Bernard.

The evidence at trial against Mr. Fontanez was overwhelming. Although petitioner did not deal the drugs in question hand-to-hand, he was observed, and admitted, driving his co-defendant Anthony Bledsoe to the scene of at least three of the drug distributions. His testimony that he was simply giving Mr. Bledsoe a ride and was unaware of any drug dealing was simply not credible. Numerous communications setting up the drug transactions involved petitioner's cellular telephone or calls to his place of business. Moreover, agents testified that Mr. Fontanez essentially confessed

to his involvement in the drug distribution during a post-arrest interview with the agents. Petitioner denied making the confession, but a motion to suppress his statements was denied and his disavowals during his testimony at trial were obviously not believed by the jury.

Petitioner's complaints that his attorney's assistance was ineffective have no basis. The co-defendant Bledsoe apparently now recants his statement that Fontanez was his drug supplier, but at the time Bledsoe repeatedly indicated that, indeed, Fontanez was the source of the crack cocaine he was selling. It would have been extremely reckless for petitioner's attorney to call Mr. Bledsoe under these circumstances. The testimony of other potential witnesses, including Kristy Torres, Edwin Santana and Larry Finney, would have not been admissible since its substance was simply hearsay to the effect that Mr. Bledsoe had stated to someone else that Mr. Fontanez was not involved. The suggestion that Attorney Bernard suffered some conflict of interest which interfered with his ability to represent petitioner vigorously has no substantive basis on the record. While it may have been true that Attorney Bernard had some contact with the agents personally and during his earlier stint as an Assistant District Attorney, nothing in the record suggests that these contacts in fact influenced his representation of the petitioner in any way.

In sum, the evidence in this case was very strong, the representation of the petitioner by his attorney came nowhere close to falling below the standard set forth by the First Circuit in

<u>Singleton v. United States</u>, 26 F.3d 233 (1st Cir. 1994).  As a result, petitioner is not entitled to relief pursuant to § 2255.

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside or Correct Sentence is hereby DENIED and the petition DISMISSED.  The clerk will enter judgment for the respondent.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge
