```
RAFAEL FONTANEZ      ]
                     ]
     v.              ]     Civil Case No.: 04-30007-MAP
                     ]
UNITED STATES        ]
```

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A CERTIFICATE OF APPEALABILITY

Now comes, Rafael Fontanez, hereafter known as "Petitioner", states that the following facts are true:

1. Any reference to the name "Mr. Fontanez" is to be construed as meaning to refer to petitioner. In addition, petitioner takes this opportunity for the court to take notice of the liberal construction that should be made on behalf of pro se litigants petitioning the courts, under Haines v. Kerner, 404 US 519, 520-21.

2. Petitioner states that all investigative work and preparation of petitioner's evidence demonstrating his innocence and to mount a police fabrication defense, were all obtained and acheived through petitioner's own work, means, and with the assistance of petitioner's family, throughout the proceedings and trial.

3. Petitioner states that at no time prior to and during the trial, did petitioner ever review, for the preparation of his defense at trial, the audio and video tapes involved in this case. Although a transcription of these tapes were available to the defense, many of them were mark with clerical mistakes, as evidenced by the trial record, for which the review of these tapes themselves would have cured and aided it's effects.

4. Petitioner states that at no time did counsel ever consult with petitioner about the circumstances and events surrounding these tapes, in order to be fully informed about these facts, conduct an investigation thereto, and to effectively prepare the necessary defense for petitioner

1

at trial.

5. Petitioner states that counsel deliberately kept away from petitioner, and the court, his personal and working relationship with both Agent Soto and Joseph Finnegan, which had an adverse effect upon his professional judgment and performance throughout the proceedings, during his representation of petitioner at trial.

6. Petitioner states that the disclosure of counsel's relationship with the above named agents, who were actively involved in petitioner's case, was initially disclosed by counsel to petitioner's mother, Nancy Cabrera, on January 19, 2000 [Exhibit C]. Where, it led petitioner to inquire of him about the nature and extent of his relationship with these agents, when, for sentencing preparation, counsel visited petitioner at Hampden County Correctional Facility.

7. Petitioner states that based upon the underlying principles of the "Adverserial Process", and his understanding of procedural law, petitioner frustratingly had to wait until a § 2255 Habeas Corpus proceeding, to make manifest counsel's relationship with these agents, because the district court is the appropriate forum to hear this particular claim.

8. Petitioner states that within counsel's perspective was petitioner's unconditional and uncomprimising right to go to trial, his articulation of his innocence, and his claims of fabrication of evidence (confession) by the agents. Where, counsel made numerous attempts to have petitioner forbear his right to the aforementioned, by counsel's persistence to have petitioner cooperate with the government or accept a 20 year plea-agreement with the government.

9. Petitioner states that counsel did not interview the available exculpatory witnesses, and did not conduct a reasonable investigation into their potential testimony, willingness to testify, and to their benefit to petitioner's defense.

10. Petitioner states that due to petitioner's incarceration, passage of time, and final condition, he's presently unable to locate Larry Lewis, a party who witnessed his cousin Anthony Bledsoe (petitioner's co-defendant) exonerate petitioner, in order to provide the court with his testimony (affidavit).

11. Petitioner states that other than the claim of police fabrication of the evidence against petitioner, any claim made to the court by counsel, under <u>Miranda</u>, <u>Brady</u>, and <u>Jencks</u> violations as petitioner's true claims or defense, were all false statements of facts and law, and contrary to petitioner's true interests throughout the proceedings.

Respectfully submitted,

_____
Rafael Fontanez, Petitioner

I, Rafael Fontanez, hereby certify and attest that the above is true, correct, complete, and not misleading, pursuant to 28 U.S.C § 1746.

This ___ day of July of 2004.